JOSHUA BLENN *vs.* H. HARRISON LYFORD.

Somerset. Opinion July 21, 1879.

*Accommodation note. Evidence.*

In an action by the indorsee against the maker of a dishonored promissory note, received by the plaintiff after maturity, it is competent for the defendant to show that it was an accommodation note, and that it was paid by the party for whose accommodation it was given.

When an accommodation note has been paid, at or after its maturity, by the party whose duty it was to pay it, its negotiability ceases.

The indorsee of such a note, when overdue and after such payment, cannot recover the same against the maker, though he may have paid value for it.

ON REPORT.

ASSUMPSIT by indorsee against the maker of a promissory note.

After the note was read in evidence, the defendant offered the receipt following, signed by M. E. Rice, the payee, which was excluded : "Received of H. H. Lyford two notes of hand, dated in December last, for three hundred dollars each, one payable in six months from date, the other seven months from date. These notes are for my benefit, except for his note due me April 15, 1872, for $225. The balance of the two above named $300 notes I am to pay."

Joseph H. Richardson, called by the defendant, testified in substance that he bought the note in suit of M. E. Rice in the fore part of April, 1872 ; that it had about four months to run ; that it then had on the back the words, "Holden without demand or notice, M. E. Rice," now erased ; that he kept it two or three months after it became due. On being asked whether M. E. Rice then paid it and took it up, the answer, on objection of the plaintiff, was excluded.

Various other questions to similar purport, and other testimony tending to show equitable defenses, was excluded on objection.

By consent of parties, the case was withdrawn from the jury and reported to the law court. If the foregoing rulings were wrong, and if the evidence excluded was admissible and would constitute a valid defense against this plaintiff, the case is to stand for trial ; if inadmissible, or insufficient to constitute such defense,

a default is to be entered for the amount of the note, with interest since due.

The remaining material facts sufficiently appear in the opinion.

*D. D. Stewart*, for the plaintiff, contended that plaintiff is the proper holder of the note, which is commercial paper. None of these letters and writings are admissible to affect him, he being no party to them, and no proof being offered that he had any notice or knowledge of them before he purchased the note. *Brown* v. *Spofford*, 95 U. S. 478. *Collins* v. *Gilbert*, 94 *Id.* 754. *Bank* v. *Crow*, 60 N. Y. 85, 87. *Wait* v. *Chandler*, 63 Maine, 257. *Malbon* v. *Southard*, 36 Maine, 148.

For the same reason the other evidence offered was inadmissible to affect the plaintiff, and constituted no defense.

Even if a note is accommodation paper, and overdue when taken, and the party taking it knows it is accommodation paper, that affords no defense. Red. & Big. L. Cas. Prom. Notes, 264, and cases cited. *Thompson* v. *Shepherd*, 12 Met. 311.

Here there is neither proof nor pretense that the plaintiff had any knowledge when he purchased the note that it was accommodation paper. He took it before it was due, for full value, and is entitled to recover. *Collins* v. *Gilbert, supra. Farrell* v. *Lovett*, 68 Maine, 326.

*Josiah Crosby*, for the defendant.

APPLETON, C. J. This is an action of assumpsit on the following note: .

"St. Albans, Me., Dec. 2, 1871. Seven months from date, value received, I promise to pay M. E. Rice, or order, three hundred dollars, at any bank in Bangor. H. H. Lyford."

The note was indorsed in blank "M. E. Rice." The following words were also on the back of the note, erased with ink but legible: "Holden without demand or notice. M. E. Rice."

Granting the presumption that the plaintiff is a *bona fide* holder for value of the note before maturity, that presumption may be overcome by proof.

It appears from the testimony that the note was indorsed to

one Richardson, for value, in the April following its date; that it was not paid at maturity, and that about three months after its dishonor he delivered it to Rice, the payee.

The plaintiff then received the note in suit, when overdue. The note remaining unpaid after maturity was dishonored, and it was the duty of the indorsee to make inquiries concerning it. If he takes it, though he gave a full consideration for it, he does so on the credit of the indorser. He holds the note subject to all equities with which it may be incumbered.

As the plaintiff is the indorsee of a dishonored note, it was competent for the defendant to show that it was an accommodation note, and that it had been paid by the party for whose accommodation it was given.

That the note was for the accommodation of the payee is abundantly shown by his receipt of the date of February 22, 1872, as well as by the testimony offered and excluded.

The note being for the accommodation of Rice, it was his duty to pay it. The note being found after dishonor in the hands of the one bound to pay it, the presumption is that he paid it. 2 Par. N. & B. 220. It was competent to show that in fact he paid it, but the answer to an inquiry whether the note was paid by Rice was excluded. This was erroneous.

Assuming the note to have been paid by Rice, it was the same as if paid by the maker. It was paid by the party whose duty it was to pay it. The purpose for which it was given has been accomplished. The negotiability of a note ceases after its payment by the party who should rightfully pay it. "Now it cannot be denied," says Denman, C. J., in *Lazarus* v. *Cowie*, 43 E. C. L. 819, "that if a bill be paid when due by the person ultimately liable on it, it has done its work, and is no longer a negotiable instrument. . . But the drawer of an accommodation bill is in the same situation as the acceptor of a bill for value; he is the person ultimately liable, and his payment discharges the bill altogether."

Rice, when he took up the note in suit, had no right of action against the maker, and could not transfer to the plaintiff any better right after maturity than he had. Edwd. B &. N. 564.* *Fish* v. *French*, 15 Gray, 520. *Tucker* v. *Smith*, 4 Maine, 415.

In the cases cited by the plaintiff there are most important differences from the one under consideration. In *Bank* v. *Crow,* 60 N. Y. 85, the plaintiffs were the indorsees of the note for value and before maturity, and were consequently to be protected. In *Thompson* v. *Shepherd,* 12 Met. 311, it was held that the indorsee of a note, who receives it for value from the second indorser, after it has been dishonored by the maker, can recover thereon against the maker, although he knew when he received it that as between the maker and first indorser it was an accommodation note. But this is upon the principle affirmed by the court in *Woodman* v. *Churchill,* 52 Maine, 58, that where the first indorsee of a promissory note acquires a right of action against the maker, by being a *bona fide* purchaser, without notice and before maturity, he can transfer a good title as well after as before the note becomes due.

*Exceptions sustained.*

*Action to stand for trial.*

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.